IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SUSAN STILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-cv-2344 |
| vs. ) | |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

### COMPLAINT

NOW COMES the Plaintiff, SUSAN STILES, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Bryan, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Norfolk, Virginia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about November 1, 2009, Defendant's representatives and/or employees began contacting Plaintiff by telephone, often multiple times per day, in attempts to collect the aforementioned alleged debt.

8. Some of these telephone calls were placed to Plaintiff before 8:00 a.m. and/or after 9:00 p.m.

9. In fact, during one nine-day period, Defendant's representatives and/or employees placed at least 28 telephone calls to Plaintiff in attempts to collect the alleged debt, including but not limited to:

    a. February 9, 2010 at 11:47 a.m., 3:59 p.m. and 7:34 p.m.;

    b. February 10, 2010 at 11:34 a.m., 12:06 p.m. and 4:50 p.m.;

    c. February 11, 2010 at 10:38 a.m., 2:11 p.m. and 7:31 p.m.;

    d. February 12, 2010 at 11:40 a.m. and 4:35 p.m.;

    e. February 13, 2010 at 10:57 a.m., 12:35 p.m. and 3:29 p.m.;

        f.      February 15, 2010 at 3:02 p.m., 3:59 p.m., 5:43 p.m. and 8:29 p.m.;

        g.      February 16, 2010 at 8:00 a.m., 8:08 a.m., 8:40 a.m., 3:02 p.m. and 4:10 p.m.; and

        h.      February 17, 2010 at 8:13 a.m., 8:26 a.m., 3:31 p.m., 3:59 p.m. and 5:56 p.m.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

        a.      Calling Plaintiff before 8:00 a.m. and/or after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1);

        b.      Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5); and

        c.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SUSAN STILES, respectfully prays for a judgment against Defendant as follows:

        a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

        b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

        c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

12.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

13.     Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

14.     Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

15.     Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

16.     Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

17.     Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

18.     As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, SUSAN STILES, respectfully prays for a judgment against Defendant as follows:

        a.     Statutory damages of $200.00 for each violation of the OCSPA;

        b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com